IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PEYTON SAWYER OWENS,
         Plaintiff,

v.                                                  Civil Action No. 3:25cv251

SBP CONSULTING, LLC &
MICHAEL MINWOO KIM,
         Defendants.

## OPINION

Michael Minwoo Kim allegedly struck Peyton Sawyer Owens with a rental car that Kim's employer, SBP Consulting, LLC ("SBP"), provided to him on a business trip. Owens subsequently sued Kim and SBP for the injuries he sustained in the crash. Owens now moves for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and asks the Court to hold that Kim was acting within the scope of his employment at the time of the accident. Because the record does not contain enough facts for the Court to make such a determination at this stage of the proceedings, the Court will deny Owens's motion.

## I. BACKGROUND

### A. *Factual Allegations*

On August 21, 2024, Kim was driving coworkers in a rental car that SBP provided while on a business trip in Richmond, Virginia. At around 8:30 p.m., Kim failed to yield to oncoming traffic and turned left while Owens was lawfully traveling through an intersection on his motorcycle. The rental car struck Owens, causing him severe and permanent injuries.

### B. *Defendants' Answer*

Kim and SBP admit that at around 8:30 p.m. on August 21, 2024, Kim was driving a coworker in a rental car that SBP provided while on a business trip in Richmond. They further

concede that Kim turned left across traffic and struck Owens. But they dispute that Kim was acting within the scope of his employment at the time of the accident and demand proof that Owens was traveling lawfully through the intersection and sustained the serious injuries alleged.

## II. **DISCUSSION**[1]

Determining whether Kim was acting within the scope of his employment requires the Court to apply Virginia *respondeat superior* law. *Ross v. Bryan*, 309 F.3d 830, 834 (4th Cir. 2002).

> Under Virginia law, an act is within the scope of employment if it was "fairly and naturally incident to the business" and . . . was done "while the servant was engaged upon the master's business and [was] done, although mistakenly or ill-advisably, . . . to further the master's interests" and did not arise "wholly from some external, independent, and personal motive on the part of the servant.

*Id.* (quoting *Sayles v. Piccadilly Cafeterias, Inc.*, 410 S.E.2d 632, 634 (Va. 1991)). Commuting to and from work ordinarily does not qualify as a "'natural incident' of an employer's business." *Id.* (quoting *Smith v. Landmark Commc'n's, Inc.*, 431 S.E.2d 306, 308 (Va. 1993)). An exception to this rule arises, however, when the employer provides the means of transportation to the employee. *Kent v. Va.-Carolina Chem. Co.*, 129 S.E. 330, 331–32 (Va. 1925). "Most of the decisions applying [this] exception have been based upon agreements, express or implied, that the employer will furnish the workman free transportation to and from his work." *LeWhite Constr. Co. v. Dunn*, 176 S.E.2d 809, 812 (Va. 1970). In particular, the Virginia Supreme Court has exclusively applied

---

[1] To survive a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), a plaintiff must present sufficient facts to state a facially plausible claim for relief. *See Short v. Harman*, 87 F.4th 593, 603 (4th Cir. 2023). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts must accept as true the complaint's factual allegations and draw all reasonable inferences in favor of the non-moving party, but need not accept the veracity of conclusions or threadbare recitals of the cause of action's elements. *Id.*; *Iqbal*, 556 U.S. at 678. Importantly, a Rule 12(c) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

this exception when determining whether a plaintiff-employee was acting within the scope of his employment in worker's compensation actions where the employer physically transported the employee to and from work. *See, e.g., Asplundh Tree Expert Co. v. Pac. Emps. Ins. Co.*, 611 S.E.2d 531, 534, 537 (Va. 2005); *LeWhite Constr.*, 176 S.E.2d at 812–13; *Bristow v. Cross*, 173 S.E.2d 815, 817 (Va. 1970); *Stillwell v. Iowa Nat'l Mut. Ins. Co.*, 139 S.E.2d 72, 74–75 (Va. 1964); *Lucas v. Biller*, 130 S.E.2d 582, 584, 586–87 (Va. 1963); *Hann v. Times-Dispatch Publ'g Co.*, 184 S.E. 183, 185–86 (Va. 1936); *Scott v. Willis*, 142 S.E. 400 (Va. 1928).

Despite the foregoing precedent, federal courts have more recently considered whether to apply the exception in wholly distinct circumstances—specifically, when determining whether defendant-employees were acting within the scope of their employment in tort actions where the employer provided the employee with a rental car. *See, e.g., Ross v. Bryan*, 309 F.3d 830, 832, 834 (4th Cir. 2002); *Wilkinson v. Gray*, 523 F. Supp. 372, 374 (E.D. Va. 1981); *Feldheim v. Turner*, 743 F. Supp. 2d 551, 557–58 (E.D. Va. 2010). Given that the Virginia Supreme Court has never applied the exception in such situations, the Court has reservations about whether it properly extends to tort actions like this. In any event, the courts in *Ross*, *Wilkinson*, and *Feldheim* each considered factors beyond whether an employer supplied a rental car in deciding whether the employees were acting within the scope of their employment. In *Ross*, for example, the Fourth Circuit held that the defendant was not acting within the scope of his employment not only because "he was not driving a government supplied or authorized vehicle," but also because he "had not yet arrived at his immediate place of duty" and "was not reimbursed for any mileage." 309 F.3d at 834. In *Wilkinson*, the district court applied the exception upon considering that the defendant was provided a per diem allowance for food and got into the accident on his way to dinner after delivering mail to a ship, a duty plainly within the scope of his employment with the Navy. 523

3

F. Supp. at 374. And in *Feldheim*, the district court held that the defendant "was acting outside the scope of his employment" in part because he was "not traveling under any supervisor's instructions," and the accident occurred outside of normal business hours. 743 F. Supp. 2d at 558.

Owens asks the Court to hold that Kim was acting within the scope of his employment at the time of the crash simply because he was driving an employer-provided rental car while on a business trip. The Court needs more information before reaching such a conclusion. Most glaringly, the complaint does not elucidate whether Kim was commuting to or from any business affairs on the night of the crash, a predicate for the exception to apply. *See Kent*, 129 S.E. at 331–32. This information is particularly important given that the accident occurred well after normal business hours. *See Feldheim*, 743 F. Supp. 2d at 558. With this factual question unresolved, the Court must deny Owens's motion. *See Edwards*, 178 F.3d at 243–44.[2]

### III. CONCLUSION

For the foregoing reasons, the Court will deny Owens's motion for partial judgment on the pleadings. (ECF No. 11.)

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 16 July 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[2] In his reply brief, Owens looks beyond Virginia *respondeat superior* law and asks for the first time for the Court to adopt the "commercial traveler rule." (*See* ECF No. 19, at 2–3.) Under that rule, "[e]mployees whose work entails travel away from the employer's premises are . . . within the course of their employment continuously during the trip, *except when a distinct departure on a personal errand is shown.*" *Randolph v. Budget Rent-a-Car*, 97 F.3d 319, 328 (9th Cir. 1996) (alteration in original) (emphasis added) (quoting *IBM Corp. v. Workers' Comp. Appeals Bd.*, 142 Cal. Rptr. 543, 544 (Cal. Ct. App. 1978)). Even if the Court were inclined to adopt such a rule, the complaint's silence as to why Kim was driving on the night of the crash prevents the Court from holding that he was acting within the scope of his employment at the time.